UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD GENE FARMER,

                Petitioner,

     v.

STATE OF WASHINGTON,

                Respondent.

CASE NO. 3:21-CV-5060-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: September 3, 2021

       The District Court has referred this action to United States Magistrate Judge David W. Christel. On January 22, 2021, Petitioner Donald Gene Farmer filed his federal habeas Petition, pursuant to 28 U.S.C. § 2254, challenging his 2003 Clark County judgment and sentence for first degree rape of a child and first degree child molestation. Dkt. 1. After Petitioner filed an Amended Petition (Dkt. 11), the Court ordered service of the Amended Petition on Respondent State of Washington. Dkt. 13. On June 17, 2021, Respondent filed a Motion to Dismiss. Dkt. 18. After review of the relevant record, the Court concludes the Court lacks personal jurisdiction over the State of Washington and the Amended Petition is second or successive. Therefore, the

1    Court recommends the Motion to Dismiss (Dkt. 18) be granted and the Amended Petition be

2    dismissed without prejudice.

3    **I.    Background**

4        In 2003, Petitioner was convicted in the Clark County Superior Court of one count of first

5    degree rape of a child and one count of first degree child molestation. Dkt. 18-1. In 2014,

6    Petitioner filed a habeas petition ("First Petition") in this Court seeking relief from the 2003 state

7    judgement and sentence. *See* Dkt. 18-1, p. 32; *see also Farmer v. Miller-Stout*, 3:14-cv-5450-

8    BHS-KLS. In the First Petition, Petitioner alleged the trial court lacked jurisdiction, he was

9    provided ineffective assistance of counsel at his sentencing, and the trial court erred when it

10   failed to order a second evaluation and allow him to withdraw his plea. Dkt. 18-1, pp. 32-96. The

11   court considered the First Petition on the merits, denied the First Petition, and dismissed that case

12   with prejudice. *Id*. at pp. 98-113.

13       Petitioner now files this Amended Petition ("Second Petition") alleging his guilty plea

14   was involuntary, his guilty plea was invalid because the charges were based on events occurring

15   in Alaska, the sentence imposed was excessive, and the state trial court erroneously transferred

16   his CrR 7.8 motion to the state appellate court. Dkt. 11. On June 17, 2021, Respondent filed a

17   Motion to Dismiss. Dkt. 18. Respondent contends this Court lacks jurisdiction over this case

18   because Petitioner has not named the correct respondent and because the Second Petition is

19   successive. *Id*.

20   **II. Discussion**

21       A. *Personal Jurisdiction*

22       Respondent first asserts this Court lacks personal jurisdiction in this case because the

23   State of Washington is not the proper respondent. Dkt. 18, pp. 5-6. "A petitioner for habeas

24

corpus relief must name the state officer having custody of him or her as the respondent to the petition." *Stanley v. California Supreme Court,* 21 F.3d 359, 360 (9th Cir.1994); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (proper respondent to *habeas corpus* petition is person who has custody over petitioner); *Smith v. Idaho*, 392 F.3d 350, 356-57 (9th Cir. 2004) (petitioner for *habeas corpus* relief under 28 U.S.C. § 2254 must name state officer having custody of him or her as respondent). "This person typically is the warden of the facility in which the petitioner is incarcerated." *Stanley*, 21 F.3d at 360; *see also Rumsfeld*, 542 U.S. at 435 (custodian of petitioner is person with ability to produce petitioner's body before *habeas corpus* court).

"Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction." *Stanley*, 21 F.3d at 360. However, "personal jurisdiction—unlike subject-matter jurisdiction—may be waived." *Smith*, 392 F.3d at 355; *see also Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703 (1982) ("Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."). As noted above, the proper respondent is the petitioner's "immediate custodian ... named ... in his or her official capacity, as the state official legally responsible for the petitioner's continued detention." *Smith*, 392 F.3d at 355. Because the petitioner's "custodian is the state's agent," the state is "the custodian's principal," and therefore "the state may waive the lack of personal jurisdiction on the custodian's behalf." *Id*.

Here, Respondent, the State of Washington, has not waived personal jurisdiction in this matter. Dkt. 18. Rather, Respondent specifically requests the Petition be dismissed because this Court lacks personal jurisdiction in this case. *Id*. at pp. 5-6. Petitioner is being supervised on community custody. *See* Dkt. 11, 18. Thus, it appears the correct respondent would be

Petitioner's supervising community corrections officer. *See e.g.* Dkt. 5, 6, 11, 18. This Court

notified Petitioner that he had not named the proper respondent. *See* Dkt. 9. However, in the

Amended Petition, Petitioner continues to name the State of Washington as the respondent. Dkt.

11. As the State of Washington is not the proper respondent and has not waived personal

jurisdiction, the Court finds the Amended Petition should be dismissed for lack of personal

jurisdiction. *See Stanley,* 21 F.3d at 360 (remanding with instructions to dismiss for lack of

jurisdiction unless petitioner can timely amend his petition to name correct party as respondent).

B. *Successive Petition*

The Antiterrorism and Effective Death Penalty Act ("AEDPA") implemented a

gatekeeper function, requiring that successive § 2254 petitions be dismissed unless they meet one

of the exceptions outlined in 28 U.S.C. § 2244(b)(2). "The bar of successive petitions applies

only to petitions adjudicated and denied on the merits in the previous federal habeas corpus

proceeding." *Turner v. Terhune*, 78 Fed. App'x 29, 30 (9th Cir. 2003) (citing *Steward v.

Martinez-Villareal*, 523 U.S. 637, 645 (1998)). "A disposition is 'on the merits' if the district

court either considers and rejects the claims or determines that the underlying claim will not be

considered by a federal court." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) (citing

*Howard v. Lewis*, 905 F.3d 1318, 1322 (9th Cir. 1990)). The Ninth Circuit also states "[a] habeas

petition is second or successive only if it raises claims that were or could have been adjudicated

on the merits." *McNabb*, 576 F.3d at 1029.

Petitioner filed his First Petition challenging the same 2003 Clark County judgment and

sentence challenged in the Second Petition. The court denied the First Petition "on the merits,"

finding the First Petition was barred by the statute of limitations. *See* Dkt. 18-1, pp. 98-111;

*McNabb*, 576 F.3d at 1030 (finding dismissal of a first habeas petition for untimeliness renders a

subsequent petition second or successive). Further, in the Second Petition, Petitioner alleges the state trial court erroneously denied his CrR 7.8 motion on July 14, 2004, his guilty plea was invalid because the charges were based on events occurring in Alaska, the sentence imposed was excessive, and the trail court erroneously transferred his motion to be released from custody to the court of appeals. Dkt. 11. Petitioner was or could have been aware of the factual predicate of each claim when his conviction became final and could have raised these additional claims in his First Petition. The claims, therefore, could have been adjudicated on the merits in the First Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (finding a claim was "second or successive" when the petitioner was aware of the factual predicate of the claim and could have raised the claim in his first petition).

As Petitioner's First Petition was denied on the merits and Petitioner was or could have been aware of the claim asserted in the Second Petition prior to filing the First Petition, the Second Petition is "second or successive."

Before a petitioner is allowed to file a second or successive petition, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court; Ninth Circuit Rule 22-3; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). A district court lacks jurisdiction to consider a second or successive petition in the absence of an order from the Ninth Circuit authorizing the district court to consider the petition. *See Magwood v. Paterson*, 561 U.S. 320, 331 (2010); *Burton v. Stewart*, 549 U.S. 147, 157 (2007). Here, there is no evidence Petitioner has received an order from the Ninth Circuit authorizing this Court to consider the Second Petition. Thus, the Court lacks jurisdiction to

consider the Second Petition and it should be dismissed without prejudice. *See Magwood*, 561 U.S. at 331; *Cooper*, 274 F.3d at 1274.

### III.    Certificate of Appealability

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. *See* 28 U.S.C. § 2253(c). "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Reasonable jurists would not find it debatable that the Second Petition should be dismissed for lack of jurisdiction. Accordingly, this Court concludes Petitioner is not entitled to a certificate of appealability with respect to the Second Petition.

### IV.    Conclusion

For the above stated reasons, the Court recommends Respondent's Motion to Dismiss (Dkt. 18) be granted, the Second Petition (Dkt. 11) be dismissed without prejudice, and a certificate of appealability not be issued.

If Petitioner wishes to file a second or successive petition in this Court, he must obtain an order from the Court of Appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A); Rule 9 of the Rules Governing Section 2254 Proceedings for the United States District Court.

1      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

2 fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

3 6. Failure to file objections will result in a waiver of those objections for purposes of de novo

4 review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

5 imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on September 3,

6 2021, as noted in the caption.

7      Dated this 17th day of August, 2021.

8

9                                  David W. Christel

10                                  United States Magistrate Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24