1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD GENE FARMER,

                Petitioner,

   v.

STATE OF WASHINGTON,

                Respondent.

CASE NO. C21-5060 BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

13  This matter comes before the Court on the Report and Recommendation ("R&R")

14  of the Honorable David W. Christel, United States Magistrate Judge, Dkt. 19, and

15  Petitioner Donald Farmer's objections to the R&R, Dkt. 20.

16  In 2003, Farmer was convicted in Clark County Superior Court of one count of

17  first degree rape of a child and one count of first degree child molestation. Dkt 18-1. In

18  2014, Farmer filed a habeas petition in this Court seeking relief from the 2003 state

19  judgment and sentence. *See Farmer v. Miller-Stout*, No. 14-cv-5450, Dkt. 4. In his 2014

20  petition, Farmer alleged that the state trial court lacked jurisdiction, that he was provided

21  ineffective assistance of counsel at his sentencing, and that the trial court erred when it

22  failed to order a second evaluation and allow him to withdraw his plea. *Id.* The Court

ORDER - 1

considered the 2014 petition on the merits, denied the petition, and dismissed the case with prejudice. *Id.*, Dkt. 17.

In 2021, Farmer filed the instant amended petition, asserting a variety of new arguments and seeking relief from the 2003 judgment and sentence. Dkt. 11. Respondent the State of Washington filed a motion to dismiss, arguing that the Court lacks jurisdiction over this case because Farmer failed to name the correct respondent and because the instant amended petition is successive. Dkt. 18.

Judge Christel agreed with the State and concluded that the Court lacks jurisdiction over Farmer's petition. Dkt. 19. Specifically, the R&R concluded that the Court lacks personal jurisdiction over the amended petition because Farmer failed to name the proper respondent (i.e., his supervising community corrections officer). *Id.* at 2–4. The R&R also concluded that the instant petition is a successive petition, and that Farmer has not presented evidence of an order from the Ninth Circuit authorizing the Court to consider the current petition. *Id.* at 4–5. Finally, the R&R recommends that the Court deny a certificate of appealability. *Id.* at 6. Farmer filed objections to the R&R. Dkt. 20.

The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P. 72(b)(3).

Farmer's objections are not proper objections for the Court's consideration. A proper objection requires specific written objections to the findings and recommendations

in the R&R. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Farmer's objections do not respond to the R&R's recommendation to dismiss his petition for a lack of jurisdiction and rather reassert the facts of his case. The Court agrees with the R&R that it does not have jurisdiction to consider Farmer's instant amended petition.

The Court having considered the R&R, Petitioner's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**;

(2) Respondent's motion to dismiss, Dkt, 18 is **GRANTED**;

(3) Petitioner's Amended Petition, Dkt. 11, is **DENIED** and **DISMISSED without prejudice**;

(4) Certificate of Appealability is **DENIED**; and

(5) The Clerk shall enter a JUDGMENT and close the case.

Dated this 7th day of October, 2021.

BENJAMIN H. SETTLE
United States District Judge